IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Curry,<br><br>                Plaintiff,<br><br>v.<br><br>The State of South Carolina;<br>Charleston County Police Department;<br>Officer D. English; and<br>Five Unknown Officers,<br><br>                Defendants. | C/A No. 2:10-1783-RMG-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff, who is self-represented, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to

allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

## BACKGROUND

On July 27, 2010, the undersigned Magistrate Judge issued an Order advising Plaintiff of his need to bring this action into proper form by identifying the "Five Unknown Officers," and by providing service documents for each of the defendants. Plaintiff was informed that failure to comply with the Order within twenty-one (21) days (plus three (3) days for mail time) would subject the case to dismissal. Plaintiff did not respond to the Order by the deadline of August 20, 2010. Therefore, Plaintiff has failed to comply with an Order of this court. Further, Plaintiff has not provided the court with necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C. § 1915 in this case. As Plaintiff has failed to prosecute this case, the action should be dismissed.

## DISCUSSION

It is well established that this court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, this court may *sua sponte* dismiss a case for

PJG

lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. This case should be dismissed pursuant to Rule 41(b), which allows for dismissal based on failure of the plaintiff "to prosecute or to comply with these rules or a court order." Because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 22, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).